CASE 101—PETITION ORDINARY—January 18.

# Spurr v. Batchelor.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. PLEADING—PRACTICE IN CIVIL CASES—DISCRETION OF THE COURT.—A motion to file pleadings after a trial has begun is addressed to the discretion of the court; and it was no abuse of discretion in the trial court to. refuse to permit one of two joint defendants to file a separate answer during the trial, when the offer to file the same was not made for more than ten months after the suit was filed, and more than six months after a joint answer was filed, in a court of continuous session.

BRONSTON & ALLEN FOR APPELLANT.

1. While technical rules of practice are necessary in the administration of justice, and ought to be substantially complied with, they should not be so strictly construed or rigidly enforced as to result in a miscarriage of justice or denial to the litigant of the right to have his case presented.
2. No motion for a new trial is necessary in order to have this court review the error of a lower court in refusing to permit pleadings to be filed.

THORNTON & KERR FOR APPELLEE.

(No brief in the record.)

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was brought by appellee in the Fayette Circuit Court against appellant, R. J. Spurr and one E. D. Spurr, upon a written contract. The petition was filed February 15, 1895, and on the 12th day of

April, 1895, the record shows that a joint answer, set-off and counter claim, which, however, was sworn to by E. D. Spurr only, was filed. The issues thus tendered by the joint answer were joined by reply and on November 23, 1895, a jury was empaneled and sworn and adjourned over to 26th. On November 26th by consent the jury was withdrawn and a new jury empaneled and sworn, and then the appellant, R. J. Spurr, offered to file his separate answer, in which he plead *non est factum* to the writing sued on. Appellant filed affidavits of himself and Bronston & Allen, attorneys. Appellee filed counter affidavit of R. A. Thornton, and the court being advised declined to permit said separate answer to be filed.

The trial proceeded and a verdict was had for appellee for $7,748,91 for which judgment was rendered against both defendants, and this appellant, R. J. Spurr, prosecutes this appeal.

The only error suggested by counsel for appellant is the action of the court in refusing to permit the separate answer, pleading *non est factum*, to be filed. The question of filing pleadings after the trial has begun addresses itself to the discretion of the trial court. As the answer tendered and rejected by the court was offered ten months after the petition was filed and more than six months after the joint answer was filed in a court of continuous session, we do not feel inclined to say that the court abused its discretion in refusing to permit the separate answer to be filed.

This being the only error urged we are of opinion that the judgment should be affirmed.